UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

v.                                    Case No. 4:18-cv-408-RH/MJF

WAKULLA CI MEDICAL
ADMINISTRATION DEPT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

The undersigned recommends that this section 1983 action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because the Plaintiff failed to disclose five prior civil actions that he had filed.[1]

**I.    Background**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, commenced this case in August 2018 by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff initially filed this action in the United States District Court for the Middle District of Florida.

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

On August 28, 2018, United States District Judge Gregory A. Presnell ordered this case to be transferred to the Northern District of Florida. On October 30, 2018, Magistrate Judge Charles A. Stampelos issued an order instructing Plaintiff to amend his complaint and use the form approved for use by prisoners in the Northern District of Florida. Plaintiff filed an amended complaint in December 2018.

On January 3, 2019, Judge Stampelos issued a second order instructing the Plaintiff to amend his complaint. Judge Stampelos advised the Plaintiff:

> Section IV of the complaint form requires a prisoner to disclose all prior civil cases filed. Plaintiff has not done so. A significant number of cases were previously filed in the Middle District of Florida and then transferred to this Court. Plaintiff has not fully disclosed the number of cases he has pending, much less disclosed the number of cases which were dismissed for failure to prosecute. Plaintiff "must disclose all prior civil cases" and as instructed on the civil rights complaint form, the failure to do so may result in dismissal of this case.
>
> Moreover, Plaintiff has declared that he has never had any actions dismissed in federal courts because they were frivolous, malicious, or failed, to state a claim. ECF No. 8 at 4. That is not true. Plaintiff previously has had two cases dismissed for failure to state a claim. Case 6:17-cv-349 was dismissed by the Middle District of Florida for that reason in March 2017. More recently, case number 6:18-cv-694 was dismissed by the Middle District because it also failed to state a claim. Plaintiff did not disclose those dismissals and has not truthfully completed the complaint form.

(Doc. 12 at 2). Judge Stampelos imposed a deadline of February 4, 2019, for Plaintiff to amend his complaint and to show cause why this case should not be dismissed for Plaintiff's failure to disclose his prior civil cases.

On February 14, 2019, Plaintiff filed a 202-page document (including exhibits), which he labeled: "This is in Fact a Civil law Suit Matter" (Doc. 15). Plaintiff did not, however, respond to Judge Stampelos order to show cause why this case should not be dismissed for Plaintiff's failure to answer truthfully the questions on the complaint form.

The undersigned construed Plaintiff's "This is in Fact a Civil Law Suit Matter" as an amended complaint and directed Plaintiff to amend his complaint using the court-approved form. The undersigned set a deadline of April 1, 2019, for Plaintiff to comply. (Doc. 16).

Plaintiff filed a motion for clarification. (Doc. 17). He subsequently filed his second amended complaint on the court-approved form. (Doc. 19). The undersigned granted Plaintiff's motion for clarification to the extent that the undersigned clarified the reasons that Plaintiff was ordered to amend his complaint. (Doc. 20). The undersigned also informed Plaintiff that he had still failed to disclose all of his prior civil lawsuits in his amended complaint. The undersigned provided Plaintiff an additional thirty days to amend his complaint and disclose all of his prior civil lawsuits as required by the complaint form. The undersigned specifically warned Plaintiff that his failure to disclose all of his prior civil lawsuits likely would result in the dismissal of this action for maliciousness.

Plaintiff subsequently filed a third amended complaint, but listed only three prior civil lawsuits. In addition, Plaintiff filed an exhibit titled "Manifest of Injustice/In Bad Faith." (Doc. 22). Construed liberally, the "Manifest of Injustice/In Bad Faith" appears to be a response to Judge Stampelos's order to show cause as to why Plaintiff has failed to disclose all his prior civil lawsuits and a motion for reconsideration on his motions for appointment of an attorney.

## II.   Discussion

### A.   Screening for Maliciousness

The Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and

the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his prior litigation history constitutes abuse of the judicial process warranting dismissal of the case for "maliciousness." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal for maliciousness was warranted when the plaintiff failed to disclose cases he had previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (holding that dismissal for abuse of the judicial process was warranted when and inmate failed to disclose prior cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (holding that dismissal of an action for maliciousness was warranted when the plaintiff failed to disclose existence of a prior case). Furthermore, "a district court [is] entitled to conclude that Plaintiff has abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed. *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

**B.     The Plaintiff's Omissions**

Section IV of the Northern District of Florida complaint form utilized by the Plaintiff required the Plaintiff to disclose information regarding prior civil cases he filed in state and federal courts. (Doc. 22 at 3-5). Question C of Section IV asks,

"Have you initiated other actions (besides those listed above in Question (A) and (B)) in **either state or federal** court that relate to the fact or manner of your incarceration (**including habeas corpus petitions**) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Plaintiff responded "Yes," and provided the following case information: *Frederick v. Graceville Work Camp Administrator, et al.*, 6:17-cv-347-ORL, filed on or about March 6, 2017. (*id.*). The form states that a Plaintiff should "**Attach additional pages as necessary to list cases.**"). Plaintiff did attach exhibits to his second amended complaint,[2] which disclosed Plaintiff had also filed the following four civil cases:

(1) *Frederick v. Graceville Work Camp Admin., et al.*, 5:17-cv-71-MCR-GRJ (N.D. Fla. Mar. 8, 2017);

(2) *Frederick v. The Graceville Work Camp Admin., et al.*, 6:17-cv-347 (M.D. Fla. Mar. 1, 2017);

(3) *Frederick v. The State of Florida Correctional Medical Dept., et al.*, 6:18-cv-1340 (M.D. Fla. Aug. 28, 2018); and

---

[2] Although the second amended complaint is no longer the operative pleading, Plaintiff advised the court to review the exhibits attached with the second amended complaint. These cases were mentioned in those exhibits. (Doc. 22 at 7).

(4) *Frederick v. Wakulla CI Admin.. et. al.*, 4:18-cv-549-MW-CJK (N.D. Fla. Dec. 3, 2018).

(Doc. 19 at 9-25).

At the end of Plaintiff's Third Amended Complaint, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**" (Doc. 22 at 8).

The undersigned notes that Plaintiff failed to disclose **five** other cases that he had filed. Prior to filing his amended complaint on March 18, 2019, Plaintiff had filed at least three section 1983 complaints in the Middle District of Florida:

(1) *Frederik v. State of Florida Judges, et al.*, 6:17-cv-202-RBD-KRS (M.D. Fla. Feb. 6, 2017);

(2) *Frederik v. Honorable Judge Timothy R. Shea, et al.*, 6:17-cv-342-GKS-GJK (M.D. Fla. Feb. 27, 2017); and

(3) *Frederik v. Captain Brown, et al.*, 6:17-cv-431-PGB-GJK (M.D. Fla. Mar. 10, 2017).[3]

In addition to these cases—as Judge Stampelos noted in his order—the Plaintiff also was required to disclose all civil actions in federal court that had been

---

[3] The FDOC inmate number of the petitioner in these cases corresponds to the Plaintiff's inmate number.

dismissed as frivolous, malicious, or for having failed to state a claim. (Doc. 22 at 4). Plaintiff listed a case that had been dismissed without prejudice for failure to prosecute. (*Id.*); *see also Frederick v. Graceville Work Camp Admin., et al.*, 5:17-cv-71-MCR-GRJ (N.D. Fla. Mar. 8, 2017) (ECF NO. 8). Plaintiff, however, failed to include:

(1) *Frederik v. Dalton*, 6:17-cv-349 (M.D. Fla. Mar. 1, 2017); and

(2) *Frederik v. Bondi, et al.*, 6:18-cv-694 (M.D. Fla. May 4, 2018).

Both of these cases were dismissed for failure to state a claim upon which relief may be granted.

A truthful response would have included these **five** omitted cases. Plaintiff's omissions, therefore, violated his duty of candor to this court. Furthermore, although Plaintiff was provided an opportunity to show cause for his failure to include these case, he has not done so. Despite Plaintiff's contention that he needs an attorney due to his medical concerns and lack of legal training, Plaintiff has failed to explain how his alleged medical conditions prevented him from complying with Judge Stampelos's order requiring him to show cause. Plaintiff has drafted and filed documents that were over two hundred pages in length. These filings indicate that lack of legal training or any medical condition from which Plaintiff suffered did not prevent him from filing documents or making truthful assertions.

Additionally, this case is at the pleading stage. Plaintiff has been able to communicate his claims as well as any *pro se* plaintiff. His claims of deliberate indifference to a medical need, retaliation, and violation of the ADA are not complex and the law is well settled in these areas. The Plaintiff's statement that he is unable to complete the section regarding his prior civil litigation does not implicate the need for an attorney. Indeed, Judge Stampelos specifically advised Plaintiff that he had failed to include both Middle District cases that were dismissed and should have been included in his response to Question D on the complaint form. Plaintiff has repeatedly failed to include these cases in his amended complaints.

Furthermore, upon the filing of every *pro se* case in the Northern District, the clerk of the court mails the litigant a memorandum providing, among other information, the case number assigned to the filing. The memorandum also instructs the litigant to "keep one copy of all documents you file or receive in this case for your personal records." *Pro se* litigants who do not receive electronic filings are mailed a copy of every order entered in a case, including reports issued by the magistrate judge and orders issued by the district judge disposing of the case. It is Plaintiff's responsibility to maintain a record of the cases he has filed and the results of that litigation. Thus, Plaintiff should have a record of every case that he has filed in federal court. But even if he did not keep such records, he simply needs to make inquiries with the courts to find out whether he had filed actions in those courts.

Therefore, Plaintiff has not shown exceptional circumstances indicating that his failure to list his litigation history was due to not having an attorney. The absence of representation by an attorney did not prevent Plaintiff from acknowledging honestly that he had filed five additional actions in federal courts.

### C. The Materiality of the Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072. To conserve judicial resources and effectively manage their dockets, court are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that

district courts have "unquestionable" authority over their own dockets, including "broad discretion in deciding how best to manage the cases before them"). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner plaintiffs to divulge their record of litigation serves these compelling interests.

Additionally, because prisoner plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiffs' litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff failed to list numerous actions that he had previously filed. Plaintiff knew from the complaint and several orders from Judge Stampelos and the undersigned that a truthful answer to the questions on the Complaint Form and disclosure of *all* prior actions was required. A penalty is

warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### D.   The Appropriate Sanction

A court's power to dismiss a cause "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983). "[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Thus, an appropriate sanction for Plaintiff's conduct is dismissal without prejudice.[4] *See Wynn v. Postal Svc.*, 735 F. App'x 704, 705 (11th Cir. 2018)

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice will not preclude the Plaintiff from refiling this action. Generally, the statute of limitations for claims under § 1983 of the type alleged by the Plaintiff is four years. *See Stephenson*, 554 F. App'x 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the incidents giving rise to this claim began in August

(affirming dismissal of plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action, noting that the court gave the Plaintiff an opportunity to amend his complaint to include the omitted cases); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Rivera*, 144 F.3d at 731 (holding that dismissal of an action without prejudice as a sanction for a plaintiff's failure to disclose a prior lawsuit was proper).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. A mere admonition also would not deter the Plaintiff or others. Furthermore, dismissal without prejudice would serve as a warning to the Plaintiff and others that future false responses to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam)

---

of 2016. (Doc. 22 at 5). Therefore, Plaintiff has ample time to file another civil rights action should he be so inclined.

(noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for maliciousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2. The clerk of the court enter judgment accordingly, terminate all pending deadlines, and close this case.

At Panama City, Florida, this 13th day of May, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.